IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

LISA R. MURPHY                                                    PETITIONER
ADC # 760343

V.                              CASE NO. 1:19-CV-00077-BSM-JTK

DEXTER PAYNE, Director[1]                                        RESPONDENT
Arkansas Department of Correction


## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge Brian S. Miller.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

---

[1] The Clerk of Court is directed to change the Respondent to Dexter Payne, pursuant to Rule 2(a) of the Rules Governing Habeas Corpus Proceedings, which designates the proper respondent to be the state officer who has custody over the Petitioner.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.    Why the record made before the Magistrate Judge is inadequate.

2.    Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.    The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

<u>DISPOSITION</u>

For the reasons explained below, it is recommended that Petitioner's Petition for Writ of Habeas Corpus (DE # 2) be DISMISSED with prejudice.

<u>Background</u>

Petitioner pleaded guilty to delivery of the controlled substance, methamphetamine, in a Hot Springs County (Arkansas) court on June 21, 2011. (DE # 5-1)  Despite being classified as a habitual offender, Petitioner only received ten years' probation for her Class Y felony conviction.  *Id.*  Petitioner did not appeal.  On November 17, 2011, she pleaded

guilty to violations of the conditions of her probation. Petitioner's probation was revoked, and she was sentenced to eleven years' imprisonment in the Arkansas Department of Correction ("ADC"). (DE # 5-2) Petitioner did not appeal her revocation.

On March 9, 2012, Petitioner sought postconviction relief pursuant to Ark. R. Crim. P. 37.1. She raised eleven arguments, but her petition was denied on June 26, 2012. On January 17, 2013, the Arkansas Supreme Court dismissed her appeal for lack of jurisdiction because her Rule 37 petition was untimely. *See Murphy v. State,* 2013 Ark. 10. On March 28, 2012, Petitioner filed a state habeas petition that raised the same eleven arguments she made in her Rule 37 petition; however, the petition was denied on April 18, 2012. On April 11, 2013, the Arkansas Supreme Court rejected the majority of Petitioner's claims because they were not cognizable in a state habeas proceeding. The court also noted that Petitioner's incompetency claim and double jeopardy claims were without merit. All of her claims were essentially denied, but the decision was reversed and remanded with instructions for the trial court to strike a condition requiring her to complete a drug rehabilitation program while in prison. *See Murphy v. State*, 2013 Ark. 155.

On August 28, 2019, Petitioner filed her federal habeas proceeding pursuant to 28 U.S.C. § 2254. (DE # 2) Petitioner claims she is serving an illegal sentence because she is being "made to do 70%" of her eleven year sentence, when the law only requires her to complete 50% of her sentence. *Id.* Petitioner demands immediate release. Respondent filed his response on September 20, 2019, admitting that Petitioner is in his custody and there are currently no non-futile state remedies available to her. Respondent, however, argues that Petitioner is not entitled to a hearing or to federal habeas relief because her

claim is not cognizable in federal habeas, is procedurally defaulted, and has no merit. The Court agrees with the Respondent. For the reasons set forth below, it is recommended that Petitioner's claim should be denied, and her habeas petition should be dismissed with prejudice.

Discussion

Petitioner's asserts that she is only required to serve fifty (50) percent of her sentence and is entitled to immediate release on parole. A federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241; *Rose v. Hodges,* 423 U.S. 19, 21 (1975) (*per curiam*). If Petitioner's claim does not allege she is in custody in violation of the Constitution or federal law, this Court cannot decide the claim, and it must be dismissed. Therefore, Petitioner must show that she has a liberty interest in being paroled for this claim to be cognizable. The United States Supreme Court has held that "[t]here is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners." *Swarthout v. Cooke*, 562 U.S. 216, 220 (2011). This Court has also stated that "an inmate has no liberty interest in the possibility of parole." *Roberts v. Hobbs*, 2014 WL 1345341 at 2. States may create a liberty interest in parole; however, the State of Arkansas has not. The Arkansas Supreme Court has consistently held there is "no constitutional right or entitlement to parole that would invoke due-process protection." *Carroll v. Hobbs*, 2014 Ark. 395 at 3. A prisoner committed to the custody of a state penal authority, "can be assured of only one thing—that he will be released from the State's custody at the end of the term of years specified

by the sentencing court." *Richmond v. Duke*, 909 F. Supp. 626, 631 (E.D. Ark. 1995). Accordingly, Petitioner's claim must be dismissed as it is not cognizable in federal habeas.

Furthermore, Petitioner's claim is procedurally defaulted. Before seeking federal habeas review, a state prisoner must fairly present the substance of each claim to each appropriate state court, thereby alerting those courts to the federal nature of his claims and giving them an opportunity to pass upon and correct any constitutional errors. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *see also* 28 U.S.C. § 2254(b) and (c). A habeas petitioner who cannot present his federal claims in state court due to untimeliness or some other state procedural hurdle meets the technical requirements for exhaustion because there are no longer any state remedies that are available to him. *Grass v. Reitz*, 643 F.3d 579, 584 (8th Cir. 2011) (citing *Coleman v. Thompson*, 501 U.S. 722, 732 (1991)). "However, that petitioner's procedural default may constitute an 'independent and adequate state ground' barring federal habeas relief absent a showing of either cause or prejudice or actual innocence." *Id.* (internal citations omitted). "[W]e ask not only whether a prisoner has exhausted his state remedies, but also whether he has *properly* exhausted those remedies, *i.e.*, whether he has fairly presented his claims to the state courts." *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). To meet this fair presentation requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id.* at 845. A failure to exhaust remedies properly in accordance with state procedure results in procedural default of the prisoner's claims.

The Administrative Procedures Act ("APA") for the State of Arkansas provides that:

> In cases of adjudication, any person, except an inmate under sentence to the custody of the Department of Correction, who considers himself or herself injured in his or her person, business, or property by final agency action shall be entitled to judicial review of the action under this subchapter.

A.C.A. § 25-15-212. Furthermore, the Act requires the proceedings for review shall be instituted by filing a petition within thirty (30) days after final adjudication, in the circuit court that the petitioner resides or the Pulaski County Circuit Court. A.C.A. § 25-15-212(b)(1). Notwithstanding the language in the statute, federal courts have ruled that parole decisions are administrative decisions governed by the APA. *See Hickman v. Arkansas Board of Pardons and Paroles*, 361 F. Supp. 864, 868-69 (E.D. Ark. 1973). While it is true that "exclusive jurisdiction of custody, control, supervision, etc. of all persons in the penitentiary is vested with the Arkansas Department of Correction," *Stevens v. State*, 262 Ark. 216 (1977), an inmate is entitled to judicial review when he or she asserts an infringement upon constitutional rights. *See Clinton v. Bonds*, 306 Ark. 554, 816 S.W.2d 169 (1991).

Petitioner did not avail herself of this remedy and does not dispute such. As discussed above, under Arkansas law, Petitioner had thirty (30) days from the time the Parole Board allegedly calculated her under the 70% rule to seek judicial review of said action. She failed to do so. By failing to do so, Petitioner failed to develop the factual basis for her claims in state court proceedings as required by 28 U.S.C. § 2254(e)(2), and therefore, her claim is procedurally defaulted.

"[A] state prisoner who fails to satisfy state procedural requirements forfeits his right to present his federal claim through a federal habeas corpus petition, unless he can

meet strict cause and prejudice or actual innocence standards." *Clemons v. Luebbers*, 381 F.3d 744, 750 (8th Cir. 2004). "'[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded . . . efforts to comply with the State's procedural rule.'" *Greer v. Minnesota*, 493 F.3d 952, 957 (8th Cir. 2007) (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). There is no "'exhaustive catalog of [the] objective impediments,'" nor have "the precise contours of the cause requirement been clearly defined." *Ivy v. Caspari*, 173 F.3d 1136, 1140 (8th Cir. 1999) (quoting *Murray*, 477 U.S. at 488). "At a minimum, however, [Petitioner] must show that 'something external to [him], something that cannot be fairly attributed to him,' caused the procedural default." *Id*. (quoting *Coleman v. Thompson*, 501 U.S. 722, 753 (1991)). Moreover, a petitioner's pro se status, lack of education, below-average intelligence, or any unfamiliarity with the intricacies of the law or legal procedure are not sufficiently external to constitute cause excusing a procedural default. *Sherron v. Norris*, 69 F.3d 285, 289 (8th Cir. 1995); *Cornman v. Armontrout*, 959 F.2d 727, 729 (8th Cir. 1992); *Smittie v. Lockhart*, 843 F.2d 295, 298 (8th Cir. 1988). Petitioner has not established cause for the default and actual prejudice because of the alleged violation of federal law, nor has she alleged facts showing a fundamental miscarriage of justice.

Certificate of Appealability

When entering a final order adverse to the Petitioner, the Court must issue or deny a certificate of appealability. Rule 11 of the Rules Governing Section 2254 Cases in the United States District Court. The Court can issue a certificate of appealability only if

7

Petitioner has made a substantial showing that he was denied a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). In this case, Petitioner has not provided a basis for issuing a certificate of appealability.

<u>Conclusion</u>

Based on the foregoing, it is recommended that the instant habeas petition (DE #2) be denied and dismissed with prejudice and that a certificate of appealability be denied.

SO ORDERED this 1st day of October, 2019.

_____
UNITED STATES MAGISTRATE JUDGE